IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2173-BO

FILED

AUG 0 5 2011

DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

| | | |
|---|---|---|
| CARLOS VARELA, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| TRACY JOHNS, | ) | |
| Respondent. | ) | |

Carlos Varela, a federal inmate, petitions for a writ of habeas pursuant to 28 U.S.C. § 2241. Petitioner was housed at Federal Correctional Institution (FCI) Butner-II at the time he filed his habeas petition. Petitioner's section 2241 petition requests the Bureau of Prisons find him eligible to participate in the BOP's Residential Drug Abuse Treatment Program ("RDAP"). 18 U.S.C. § 3621(e) and petition (petitioner states that he was "expelled from the RDAP, merely for having difficulty in writing and reading English"). Respondent is before the court with a motion to dismiss. The motion contends that petitioner's section 2241 claim should be dismissed because petitioner has failed to exhaust his administrative remedies. Petitioner did not respond, and the matter is ripe for determination.

Carols Varela is in the custody of the Bureau of Prisons serving a 78 month sentence for conspiracy to possess with intent to distribute cocaine base. The sentence was imposed in the United States District Court for the District of Connecticut on January 9, 2008. His projected release date is May 27, 2012, with the application of Good Conduct Time Credits. (Mot. to Dismiss, Declaration Cox, ¶ 4)

Because the court has considered matters outside of the pleadings, the motion shall be considered as one for summary judgment. Fed. R. Civ. P. 12(d). Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A trial court reviewing a summary judgment motion should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. The court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. Matsushita, 475 U.S. at 588.

Petitioner has not properly exhausted the administrative remedies available to him through the Bureau of Prisons. Exhaustion is necessary in a writ of habeas corpus. See Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) (holding that proper exhaustion is required in a civil action under the PLRA and in habeas and administrative law); See, e.g., McClung v. Shearin, No. 03-6952, 2004 WL 225093, at *1 (4th Cir. Feb. 6, 2004); Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004); Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001). Exhaustion is excusable only upon a showing of cause and prejudice. McClung, 2004 WL 225093, at *1. Furthermore, where administrative remedies are no longer available due to the prisoner's failure to pursue the remedies, procedural default

occurs and § 2241 habeas review is unavailable absent a showing of cause and prejudice. McClung, 2004 WL 225093, at *1; Carmona, 243 F.3d at 630, 634-35; Moscato v. Fed'l Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).

An administrative process was in place within the BOP. See 28 C.F.R. §§ 542.10-542.19 (2006). However, the record does not indicate, and petitioner does not contend, he has fully exhausted his administrative remedies as they pertain to the RDAP or eligibility for early release. (Mot. to Dismiss, Declaration Cox, ¶ 6). Therefore, the case has not been exhausted. Petitioner does not address cause and prejudice in his petition, and he did not respond to the motion for summary judgment.

Accordingly, respondent's motion for summary judgment is GRANTED without prejudice for failure to exhaust. The Clerk is DIRECTED to close the case.

SO ORDERED, this 4 day of August 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE